Case 1:12-cv-03126-ENV-VVP   Document 1   Filed 06/22/12   Page 1 of 14 PageID #: 1

**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ANDRE ESPY,

                Plaintiff(s),

- against -

CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
POLICE OFFICER JOSEPH TORRES,
POLICE OFFICER STEVEN LOPEZ, and
POLICE OFFICERS "JOHN DOE 1-5",

                Defendant(s).

------------------------------------------------------------X

FILED CLERK
2012 JUN 22 AM 10: 45
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**COMPLAINT**

**CV 12-3126**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

VITALIANO, J.

POHORELSKY, M.J.

## COMPLAINT

Plaintiff, ANDRE ESPY, (hereinafter referred to as "Plaintiff") by and through his attorney, GLENN R. ABOLAFIA, alleges the following upon information and belief, against defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER JOSEPH TORRES, Shield No. 17825, POLICE OFFICER STEVEN LOPEZ, Shield No. 24353, and POLICE OFFICERS "JOHN DOE 1-5", as follows:

### JURISDICTION AND VENUE

1.     This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to plaintiff by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983, 42 U.S.C. §1985, 42 U.S.C. §1988, and arising under law and statutes of the State of New York and accordingly, the jurisdiction of this Court is

invoked under 28 U.S.C. Section 1331, 28 U.S.C. §1343(3), and any applicable pendent state law claims.

## PARTIES

2. Plaintiff, ANDRE ESPY, is an adult citizen of the United States and a resident of the State of New York who currently resides in the County of Richmond, City, and State of New York.

3. Defendant, CITY OF NEW YORK (hereinafter "NYC"), was at all times relevant hereto, a municipal corporation duly organized and existing under the laws of the State of New York.

4. Defendant, NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD"), was at all times relevant hereto, a local government agency of defendant, NYC.

5. At all material times herein, defendant, POLICE OFFICER JOSEPH TORRES (hereinafter "P.O. TORRES"), was duly appointed and acting as a police officer of a municipal police department known as the NYPD, and was acting during the scope of his employment, stationed at the 120th Precinct, located in the County of Richmond, City, and State of New York.

6. At all material times herein, defendant, POLICE OFFICER STEVEN LOPEZ (hereinafter "P.O. LOPEZ") was duly appointed and acting in the scope of his employment as a police officer of a municipal police department known as the NYPD, stationed at the 120th Precinct, located in the County of Richmond, City, and State of New York.

7. At all material times herein, defendants, Police Officers "JOHN DOE 1-5", were duly appointed and acting in the scope of their employment as police officers of a municipal police department known as the NYPD, stationed at the 120th Precinct, located

in the County of Richmond, City, and State of New York.

8. At all material times, defendant P.O. TORRES was acting under color of his official capacity as a police officer of the NYPD, and as a person for purposes of 42 U.S.C. §1983, and his acts complained of were performed under color of State Law.

9. At all material times, defendant, P.O. LOPEZ was acting under color of his official capacity as a police officer of the NYPD, and as a person for purposes of 42 U.S.C. §1983, and his acts complained of were performed under color of State Law.

10. At all material times, defendants, POLICE OFFICERS "JOHN DOE 1-5" were acting under color of their official capacity as police officers of the NYPD, and as persons for purposes of 42 U.S.C. §1983, and their acts complained of were performed under color of State Law.

11. At all material times, defendant, P.O. TORRES, was a servant, agent and/or employee of defendants, NYC and NYPD, all persons for purposes of 42 U.S.C. §1983, and that his acts are imputed to the Municipality.

12. At all material times, defendant, P.O. LOPEZ, was a servant, agent and/or employee of defendants, NYC and NYPD, all persons for purposes of 42 U.S.C. §1983, and that his acts are imputed to the Municipality.

13. At all material times, defendants, POLICE OFFICERS "JOHN DOE 1-5", were servants, agents and/or employees of defendants, NYC and NYPD, all persons for purposes of 42 U.S.C. §1983, and that their acts are imputed to the Municipality.

14. Defendant, P.O. TORRES, was acting pursuant to specific orders and directives from the Municipality during the scope of his employment, and the Municipality provided him with an official badge, Shield No. 17825, and identification card that

designated and described its bearer as a police officer of the NYPD.

15. Defendant, P.O. LOPEZ, was acting pursuant to specific orders and directives from the Municipality during the scope of his employment, and the Municipality provided him with an official badge, Shield No. 24353, and identification card that designated and described its bearer as a police officer of the NYPD.

16. Defendants, POLICE OFFICERS "JOHN DOE 1-5", were acting pursuant to specific orders and directives from the Municipality during the scope of their employment, and the Municipality provided each with an official badge, and identification card that designated and described its bearer as a police officer of the NYPD.

17. At all material times, defendant, P.O. TORRES, separately and in concert with other police officers, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulation, customs and usage of the Municipality. Said defendant, separately and in concert, engaged in the illegal conduct mentioned herein, recklessly and with callous disregard for plaintiff's State and Constitutional rights, causing injury to plaintiff and depriving plaintiff of the rights, privileges and immunities secured to him by the laws of the United States.

18. At all material times, defendant P.O. LOPEZ, separately and in concert, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulation, customs and usage of the Municipality. Said defendant, separately and in concert, engaged in the illegal conduct mentioned herein, recklessly and with callous disregard for plaintiff's rights, causing injury to plaintiff, and depriving plaintiff of the rights, privileges, and immunities secured to him by the laws of the United States.

19. At all material times, defendants, POLICE OFFICERS "JOHN DOE 1-5",

separately and in concert, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulation, customs and usage of the Municipality. Said defendants, separately and in concert, engaged in the illegal conduct mentioned herein, recklessly and with callous disregard for plaintiff's rights, causing injury to plaintiff, and depriving plaintiff of the rights, privileges, and immunities secured to him by the laws of the United States.

20. This lawsuit also seeks compensatory and punitive damages from the individual defendants for their unconscionable disregard of settled law.

## COUNT ONE

21. Plaintiff, ANDRE ESPY, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through and including "20" hereinabove with the same force and effect as if set forth more fully at length herein.

22. On or about June 22, 2011, in the vicinity of 61 Jersey Street, County of Richmond, City and State of New York, plaintiff was arrested by defendants P.O. TORRES and P.O. LOPEZ for criminal possession of a firearm, and while on the ground, was subjected to unnecessary and excessive force, including kicking and punching, causing plaintiff to sustain cuts, abrasions, and personal injuries to his face and body.

23. Plaintiff, as a result of the aforesaid actions of defendant Police Officers, including P.O. TORRES and P.O. LOPEZ, was brought to Richmond University Hospital Center, Staten Island, for treatment of the personal injuries he sustained.

24. Plaintiff, while detained as a prisoner at Richmond University Hospital, was subjected to excessive and unnecessary force, and brutally assaulted and battered by defendant Police Officers, P.O. TORRES, P.O. LOPEZ, and POs "JOHN DOE 1-5", as

plaintiff was handcuffed to a hospital bed.

25.     Plaintiff, as a result of said brutal beating, sustained a fractured jaw, and other personal injuries to his person.

26.     Plaintiff, instead of receiving further and necessary medical treatment as a result of said beating, was transferred by defendants to the custody of the New York City Department of Corrections (hereinafter "NYC-DOC"), at Riker's Island, which then transported plaintiff to Bellevue Hospital Center, 462 First Avenue, New York, New York, for surgery on his fractured jaw, and further and necessary medical treatment for his personal injuries.

27.     Upon information and belief, at all material times, defendants, P.O. TORRES, P.O. LOPEZ and POs "JOHN DOE 1 - 5", were present or in the company of plaintiff, witnessed and/or participated in the above described events and conduct, but took no action to aid plaintiff by halting the illegal acts.

28.     By failing to take any action to aid plaintiff or to halt the illegal acts and or conduct complained of, said defendants herein acted recklessly, callously disregarded and/or violated plaintiff's State and Federal Constitutional Rights and Privileges and Immunities.

29.     Upon information and belief, defendant Police Officers, individually and in their official capacities, acted outside the scope of his jurisdiction and without authorization of law, and said defendants, separately and in concert, acted willfully, knowingly and purposefully with specific intent to deprive plaintiff of his rights, and/or with reckless and callous disregard for plaintiff's State and Constitutional Rights, including but not limited to, freedom from excessive and unreasonable force, physical abuse, coercion,

and intimidation.

30. All of these rights are secured to plaintiff by the provisions of the Fourth Amendment, the Due Process Clause of the Fifth Amendment and the Fourteenth Amendments to the United States Constitution, and pursuant to 42 U.S.C. §§1983, 1985 and 18 U.S.C. §245.

31. As a direct and proximate result of the malicious and outrageous conduct of defendants, as set forth above, plaintiff suffered severe and permanent injuries and damages, including a fracture of his jaw, and other personal injuries and substantial pain to his mind and body.

32. Plaintiff has suffered special damages in the form of medical expenses and lost wages, and will suffer additional special damages in the future in an amount that cannot yet be determined.

33. The acts of defendants as set forth above were intentional, wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive damages.

## COUNT TWO

34. Plaintiff, ANDRE ESPY, repeats, reiterates, and re-alleges each and every allegation contained in paragraphs numbered "1" through and including "33" hereinabove with the same force and effect as if set forth more fully at length herein.

35. At all times relevant to this complaint, defendants, as Police Officers of the City of New York, were acting under the direction and control of defendants City of New York and NYPD, and were acting pursuant to the official policy, practice, or custom of the City of New York.

36. Acting under color of law and pursuant to official policy, practice, or custom,

defendants intentionally, knowingly, and recklessly failed to instruct, supervise, control, and discipline, on a continuing basis, defendant Police Officers in their duties to refrain from unlawfully and maliciously assaulting and beating citizens and otherwise using unreasonable and excessive force before, during, or after the making of an arrest.

37. Acting under color of law and pursuant to official policy, practice, or custom, defendants intentionally, knowingly, and recklessly failed to instruct, train, and supervise defendant Police Officers on a continuing basis in the correct procedure for making an arrest, for securing a prisoner who has been subdued and handcuffed, and for the proper use of a baton, flashlight, or police equipment.

38. Defendants had knowledge, or had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed.

39. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, or recklessly failed or refused to do so.

40. Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of defendant Police Officers, as heretofore described.

41. As a direct and proximate result of the acts of defendants, as set forth herein, plaintiff suffered physical injury, medical expenses, lost wages, and severe mental anguish in connection with the deprivation of his constitutional rights guarantee by the Fourth and Fourteenth Amendments of the Constitution of the United States, and

protected by 42 U.S.C. §1983.

42. The acts of defendant Police Officers, as set forth above were wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive damages.

## COUNT THREE

43. Plaintiff, ANDRE ESPY, repeats, reiterates, and re-alleges each and every allegation contained in paragraphs numbered "1" through and including "42" hereinabove with the same force and effect as if set forth more fully at length herein.

44. Defendant Police Officers, individually and while in the course and scope of their employment with defendant NYPD, and acting under authority of defendant City of New York, without plaintiff's consent, willfully, wantonly, maliciously, and intentionally committed assault and battery upon plaintiff.

45. That the acts and conduct constituting the assault and battery consisted in part of the following: violently threatening plaintiff with physical harm; intentionally attempting to cause injury to plaintiff; perpetrating a vicious assault and battery against plaintiff while he was on the ground, and subsequently, while he was handcuffed to a hospital bed; using unreasonable, unnecessary and excessive force against plaintiff; exercising unreasonable, unnecessary and excessive force during the course of, during, and after an arrest; carelessly employing the use of force during the arrest of plaintiff; committing a harmful, offensive and nonconsensual attack upon plaintiff's person; acting outside the scope and authority of prescribed powers and duties; and otherwise using great and threatening force and violence against plaintiff.

46. That as a direct, sole and proximate result of the assault and battery, plaintiff was caused to and did sustain serious, disabling and permanent personal

injuries, pain and suffering, humiliation and embarrassment, emotional and mental distress, inconvenience, medical expenses, and loss of income.

## COUNT FOUR

47. Plaintiff, ANDRE ESPY, repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through and including "46" hereinabove with the same force and effect as if set forth more fully at length herein.

48. That on or about June 22, 2011, defendant City of New York, its agents, servants and/or employees, including defendant NYPD, and defendants P.O. Torres, P.O. Lopez, and POs "John Doe 1-5", individually and in their official capacities, were careless, reckless and negligent in conducting and performing police duties, including, in part, the negligent use of force in detaining, arresting and confining plaintiff; violating established rules, procedures and policies; and negligently employing, supervising and training members of the New York Police Department.

49. That as a direct, sole and proximate result of the carelessness, recklessness and negligence of defendant City of New York, its agents, servants and/or employees, and defendants P.O. Torres, P.O. Lopez, and POs "John Doe 1-5", individually and in their official capacities, plaintiff was caused to and did sustain serious, disabling and permanent personal injuries, pain and suffering, humiliation and embarrassment, emotional and mental distress, inconvenience, medical expenses, and loss of income.

50. That plaintiff's injuries and damages were caused solely by reason of the defendants' culpable conduct, as stated herein, without any fault or negligence on the part of plaintiff contributing thereto.

## COUNT FIVE (Gross Negligence)

51. Plaintiff, ANDRE ESPY, repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through and including "50" hereinabove with the same force and effect as if set forth more fully at length herein.

52. At all times relevant to this action, it was the policy of defendant NYPD either fail to ascertain or to inadequately take into account the temperament and character of its police officers, prior to, at, and subsequent to the time when it employed them. As a consequence of this policy, defendant NYPD failed to take reasonable and necessary measures to prevent defendant Police Officers with unfit temperament or character from serving on its Police Department.

53. Defendant NYPD was grossly negligent in failing to make appropriate inquiries with respect to the temperament and character of defendant Police Officers prior to, at, or subsequent to the time it employed them as police officers.

54. If defendant NYPD had properly inquired into the character of defendant Police Officers, defendant NYPD would have learned that defendant Police Officers had mean, violent and unstable temperaments and were unsuitable to hold positions as police officers.

55. It was also a policy of defendant NYPD to improperly and inadequately train and instruct the police officers employed by them, including defendant Police Officers, in the appropriate manner of, among other things, effecting an arrest.

56. Despite the knowledge of the deficiencies in its policies, defendant NYPD failed to take corrective measures to train its police officers in the manner of pursuing a suspect, effectuating an arrest and in the proper exercise of apprehending a suspect.

57. The negligent policies of defendant NYPD was a proximate cause of the injuries to Plaintiff, in that, but for Defendant's policies, the acts alleged would not have occurred.

58. Defendant NYPD violated Plaintiff's civil rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. §1983 by subjecting Plaintiff to excessive and unreasonable force.

## COUNT SIX

59. Plaintiff, ANDRE ESPY, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through and including "58" hereinabove with the same force and effect as if set forth more fully at length herein.

60. Upon information and belief, the above-captioned defendants have acted to deny plaintiff the rights, privileges and immunities, and the equal protection of the laws to which he was entitled under the Constitutions and laws of the United States and the State of New York in violation of 42 U.S.C. §1985(3).

61. As a direct result of these acts, the defendants herein injured plaintiff and deprived him of having and of exercising his rights and privileges as guaranteed under the Constitutions and laws of the State of New York and the United States.

62. By reason of the defendants' unconscionable acts, negligence and willful misconduct, plaintiff, ANDRE ESPY is entitled to recover compensatory and punitive damages.

63. The misconduct by defendant Police Officers was done in such a gross, reckless, wanton, and willful matter as to be deserving of the imposition of punitive damages.

## COUNT SEVEN

64. Plaintiff, JOSE COLON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through and including "63" hereinabove with the same force and effect as if set forth more fully at length herein.

65. The defendants recklessly and with callous disregard for the rights of individuals, such as plaintiff ANDRE ESPY, trained, encouraged and allowed the defendants to disregard the rights of individuals and implemented a policy with regard to individuals such as plaintiff, to deprive those individuals of their rights while in the custody and control of the defendants.

66. As a direct result of the defendants' callous and reckless disregard of the rights of individuals, including the rights of the plaintiff herein, with respect to the training of all defendants, the plaintiff was denied the rights secured to him by the Fourth Amendment, the Due Process Clause of the Fifth Amendment and the Fourteenth Amendment to the United States Constitution, and pursuant to 42 U.S.C. § 1983, 1985 and 18 U.S.C. § 245.

67. As a direct result of the defendants' reckless and callous disregard of the plaintiff's Federal and State constitutional rights, plaintiff, ANDRE ESPY suffered great physical and mental pain, injury and distress, and his reputation and character were injured, all to the plaintiff's damage.

68. By reason of the defendants', P.O. TORRES, P.O. LOPEZ, and P.O.'s "JOHN DOE 1-5", unconscionable acts, negligence and willful misconduct, plaintiff is entitled to recover compensatory and punitive damages.

69. As a matter of policy and law, the court has the authority to consider and

make an award to plaintiff for punitive damages, as a result of defendants' misconduct.

**WHEREFORE**, plaintiff demands judgment against the defendants in the amount of ONE MILLION ($1,000,000,00) DOLLARS for Count One; in the amount of ONE MILLION ($1,000,000,00) DOLLARS for Count Two; in the amount of ONE MILLION ($1,000,000,00) DOLLARS for Count Three; in the amount of ONE MILLION ($1,000,000,00) DOLLARS for Count Four; in the amount of ONE MILLION ($1,000,000,00) DOLLARS for Count Five; in the amount of ONE MILLION ($1,000,000,00) DOLLARS for Count Six; and in the amount of ONE MILLION ($1,000,000,00) DOLLARS for Count Seven, together with the costs and disbursements of this action, attorneys fees pursuant to 42 U.S.C. §1988, and such other and further relief as the Court deems just and proper.

Dated: June 22, 2012
      New York, New York

                              Respectfully submitted,

                              Glenn R. Abolafia
                              Attorney for Plaintiff
                              80 Wall Street, Suite 815
                              New York, NY 10005
                              (212) 227-4716