UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

ANDRE ESPY,

                          Plaintiff,

           -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER JOSEPH TORRES,
POLICE OFFICER STEVEN LOPEZ; POLICE
OFFICERS JOHN DOE 1-5,

                          Defendants.

---------------------------------------------------------------------- x

**ANSWER TO COMPLAINT
12 CV 3126 (ENV) (VVP)**

JURY TRIAL DEMANDED

Defendants City of New York, The New York City Police Department, Officer JOSEPH Torres and Officer Steven Lopez by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the Complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint.

3. Admit the allegations set forth in paragraph "3" of the Complaint, that the City of New York is a municipal corporation organized under the laws of the State of New York.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that the New York City Police Department is an agency of Defendant City of New York.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that defendant Police Officer Joseph Torres is and was a member of the New York City Police Department on June 22, 2011.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that defendant Police Officer Steven Lopez is and was a member of the New York City Police Department on June 22, 2011.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Paragraph "8" of the Complaint sets forth conclusions of law, rather than averments of fact and accordingly no response is required.

9. Defendants state that the allegations set forth in Paragraph "9" of the Complaint constitute legal conclusions to which no response is required.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Defendants state that the allegations set forth in Paragraph "11" of the Complaint constitute legal conclusions to which no response is required.

12. Defendants state that the allegations set forth in Paragraph "12" of the Complaint constitute legal conclusions to which no response is required.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. In response to the allegations set forth in paragraph "21" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "20" of this answer, as if fully set forth herein.

22. Deny the allegations set forth in paragraph "22" of the Complaint, except admit plaintiff was arrested for criminal possession of a loaded firearm, among other charges, on June 22, 2011 by Officer Torres.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Defendants state that the allegations set forth in Paragraph "30" of the Complaint constitute legal conclusions to which no response is required.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. In response to the allegations set forth in paragraph "34" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "33" of this answer, as if fully set forth herein.

35. Paragraph "35" of the Complaint sets forth conclusions of law rather than averments of fact and accordingly no response is required.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. In response to the allegations set forth in paragraph "43" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "42" of this answer, as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. In response to the allegations set forth in paragraph "47" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "46" of this answer, as if fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. In response to the allegations set forth in paragraph "51" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "50" of this answer, as if fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. In response to the allegations set forth in paragraph "59" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "58" of this answer, as if fully set forth herein.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. In response to the allegations set forth in paragraph "64" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs "1" through "63" of this answer, as if fully set forth herein.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Admits the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Defendants state that the allegations set forth in Paragraph "69" of the Complaint constitute legal conclusions to which no response is required.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

70. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

71. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

72. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

73. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

74. At all times relevant to the acts alleged in the Complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

75. Plaintiff caused or provoked any incident.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

76. Plaintiff has failed to comply with one or more sections of the New York General Municipal Law.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

77. Punitive damages cannot be assessed against the City of New York.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE:

78. Plaintiff failed to mitigate damages by posting bail.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE:

79. The New York City Police Department is not a suable entity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

80.  At all times relevant to the acts alleged in the complaint, defendants Torres and Lopez acted reasonably in the proper and lawful exercise of their discretion and are therefore entitled to qualified immunity.

**WHEREFORE,** defendants City of New York and Officers Lopez and Torres request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
October 29, 2012

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendant City of New York
100 Church Street
New York, New York 10007
(212) 788-1894

By: _____
DAVID M. POLLACK (DP 3873)
Assistant Corporation Counsel

TO:   Glenn Abolafia, Esq. (By ECF)