UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X 12 CIV. 3126 (ENV) (VVP)

ANDRE ESPY, **AMENDED COMPLAINT**

                  Plaintiff(s), **PLAINTIFF DEMANDS A TRIAL BY JURY**

- against -

CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
POLICE OFFICER STEVEN LOPEZ,
POLICE OFFICER GLEN PASCUAL,
POLICE OFFICERS ANTHONY EGAN, and
POLICE OFFICER RICHARD DIGANGI,

                  Defendant(s).

------------------------------------------------------------X

## COMPLAINT

Plaintiff, ANDRE ESPY, (hereinafter referred to as "Plaintiff") by and through his attorney, GLENN R. ABOLAFIA, alleges the following upon information and belief, against defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER GLEN PASCUAL, Shield No. 11297, POLICE OFFICER STEVEN LOPEZ, Shield No. 24353, and POLICE OFFICER ANTHONY EGAN ,Shield No. 29734, and POLICE OFFICER RICHARD DIGANGI, Shield No. 16130, as follows:

### JURISDICTION AND VENUE

1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to plaintiff by the Fourth, Fifth and Fourteenth Amendments to the United States

Constitution, 42 U.S.C. §1983, 42 U.S.C. §1985, 42 U.S.C. §1988, and arising under law and statutes of the State of New York and accordingly, the jurisdiction of this Court is invoked under 28 U.S.C. Section 1331, 28 U.S.C. §1343(3), and any applicable pendent state law claims.

## PARTIES

2. Plaintiff, ANDRE ESPY, is an adult citizen of the United States and a resident of the State of New York who currently resides in the County of Richmond, City, and State of New York.

3. Defendant, CITY OF NEW YORK (hereinafter "NYC"), was at all times relevant hereto, a municipal corporation duly organized and existing under the laws of the State of New York.

4. Defendant, NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD"), was at all times relevant hereto, a local government agency of defendant, NYC.

5. At all material times herein, defendant, POLICE OFFICER GLEN PASCUAL (hereinafter "P.O. PASCUAL"), was duly appointed and acting as a police officer of a municipal police department known as the NYPD, and was acting during the scope of his employment, stationed at the 120th Precinct, located in the County of Richmond, City, and State of New York.

6. At all material times herein, defendant, POLICE OFFICER STEVEN LOPEZ (hereinafter "P.O. LOPEZ") was duly appointed and acting in the scope of his employment as a police officer of a municipal police department known as the NYPD, stationed at the 120th Precinct, located in the County of Richmond, City, and State of New York.

7. At all material times herein, defendant, POLICE OFFICER ANTHONY

EGAN (hereinafter "P.O. EGAN") was duly appointed and acting in the scope of his employment as police officer of a municipal police department known as the NYPD, stationed at the 120th Precinct, located in the County of Richmond, City, and State of New York.

8. At all material times herein, defendant, POLICE OFFICER RICHARD DIGANGI (hereinafter "P.O. DIGANGI"), was duly appointed and acting as a police officer of a municipal police department known as the NYPD, and was acting during the scope of his employment, stationed at the 120th Precinct, located in the County of Richmond, City, and State of New York.

9. At all material times, defendant P.O. PASCUAL was acting under color of his official capacity as a police officer of the NYPD, and as a person for purposes of 42 U.S.C. §1983, and his acts complained of were performed under color of State Law.

10. At all material times, defendant P.O. LOPEZ was acting under color of his official capacity as a police officer of the NYPD, and as a person for purposes of 42 U.S.C. §1983, and his acts complained of were performed under color of State Law.

11. At all material times, defendant P.O. EGAN was acting under color of his official capacity as police officer of the NYPD, and as a person for purposes of 42 U.S.C. §1983, and their acts complained of were performed under color of State Law.

12 At all material times, defendant P.O. DIGANGI was acting under color of his official capacity as police officer of the NYPD, and as a person for purposes of 42 U.S.C. §1983, and their acts complained of were performed under color of State Law.

13. At all material times, defendant P.O. PASCUAL was a servant, agent and/or employee of defendants, NYC and NYPD, all persons for purposes of 42 U.S.C. §1983,

and that his acts are imputed to the Municipality.

14. At all material times, defendant P.O. LOPEZ was a servant, agent and/or employee of defendants, NYC and NYPD, all persons for purposes of 42 U.S.C. §1983, and that his acts are imputed to the Municipality.

15. At all material times, defendant P.O. EGAN was a servant, agent and/or employee of defendants, NYC and NYPD, all persons for purposes of 42 U.S.C. §1983, and that their acts are imputed to the Municipality.

16 At all material times, defendant P.O. DIGANGI was a servant, agent and/or employees of defendants, NYC and NYPD, all persons for purposes of 42 U.S.C. §1983, and that their acts are imputed to the Municipality.

17. Defendant P.O. PASCUAL was acting pursuant to specific orders and directives from the Municipality during the scope of his employment, and the Municipality provided him with an official badge, Shield No. 11297, and identification card that designated and described its bearer as a police officer of the NYPD.

18. Defendant P.O. LOPEZ was acting pursuant to specific orders and directives from the Municipality during the scope of his employment, and the Municipality provided him with an official badge, Shield No. 24353, and identification card that designated and described its bearer as a police officer of the NYPD.

19. Defendant P.O. EGAN was acting pursuant to specific orders and directives from the Municipality during the scope of their employment, and the Municipality provided each with an official badge, Shield No. 29734, and identification card that designated and described its bearer as a police officer of the NYPD.

20. Defendant P.O. DIGANGI was acting pursuant to specific orders and

directives from the Municipality during the scope of his employment, and the Municipality provided him with an official badge, Shield No. 16130, and identification card that designated and described its bearer as a police officer of the NYPD.

21. At all material times, defendant P.O. PASCUAL separately and in concert with other police officers, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulation, customs and usage of the Municipality. Said defendant, separately and in concert, engaged in the illegal conduct mentioned herein, recklessly and with callous disregard for plaintiff's State and Constitutional rights, causing injury to plaintiff and depriving plaintiff of the rights, privileges and immunities secured to him by the laws of the United States.

22. At all material times, defendant P.O. LOPEZ, separately and in concert, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulation, customs and usage of the Municipality. Said defendant, separately and in concert, engaged in the illegal conduct mentioned herein, recklessly and with callous disregard for plaintiff's rights, causing injury to plaintiff, and depriving plaintiff of the rights, privileges, and immunities secured to him by the laws of the United States.

23. At all material times, defendant, P.O. EGAN, separately and in concert, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulation, customs and usage of the Municipality. Said defendant, separately and in concert, engaged in the illegal conduct mentioned herein, recklessly and with callous disregard for plaintiff's rights, causing injury to plaintiff, and depriving plaintiff of the rights, privileges, and immunities secured to him by the laws of the United States.

24. At all material times, defendant P.O. DIGANGI, separately and in concert,

acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulation, customs and usage of the Municipality. Said defendant, separately and in concert, engaged in the illegal conduct mentioned herein, recklessly and with callous disregard for plaintiff's rights, causing injury to plaintiff, and depriving plaintiff of the rights, privileges, and immunities secured to him by the laws of the United States.

25. This lawsuit also seeks compensatory and punitive damages from the individual defendants for their unconscionable disregard of settled law.

## COUNT ONE

26. Plaintiff, ANDRE ESPY, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through and including "25" hereinabove with the same force and effect as if set forth more fully at length herein.

27. On or about June 22, 2011, at approximately 3:30 a.m., in the vicinity of 61 Jersey Street, County of Richmond, City and State of New York, plaintiff was arrested for criminal possession of a firearm, after being chased by police officers, including P.O. Lopez. Plaintiff sustained abrasions and cuts after he fell while being pursued by police officers.

28. Thereafter, plaintiff was brought to Richmond University Hospital Center, Staten Island, for treatment of the injuries he sustained.

29. Plaintiff, while detained as a prisoner at Richmond University Hospital, was subjected to excessive and unnecessary force, and brutally assaulted and battered by defendant Police Officers PASCUAL, LOPEZ, EGAN, and DIGANGI, as plaintiff was handcuffed to a hospital bed.

30. As a result of said brutal beating, plaintiff sustained a fractured jaw, and

other personal injuries to his person.

31. Plaintiff was deprived of proper medical treatment for the injuries he sustained as a result of said beating. Instead of receiving necessary medical treatment, plaintiff was transferred by defendants to the custody of the New York City Department of Corrections ("NYCDOC").

32. As a result of said the injuries to plaintiff caused by defendants, plaintiff required medical treatment, and was then transported, by NYCDOC, to Bellevue Hospital Center, 462 First Avenue, New York, New York, for surgery on his fractured jaw, and other further and necessary medical treatment for his injuries.

33. Upon information and belief, at all material times, defendants P.O. PASCUAL, P.O. LOPEZ, P.O. EGAN, and P.O. DIGANGI, were present or in the company of plaintiff, witnessed and/or participated in the above described events and conduct, but took no action to aid plaintiff by halting the illegal acts.

34. By failing to take any action to aid plaintiff or to halt the illegal acts and or conduct complained of, said defendants herein acted recklessly, callously disregarded and/or violated plaintiff's State and Federal Constitutional Rights and Privileges and Immunities.

35. Upon information and belief, defendant Police Officers, individually and in their official capacities, acted outside the scope of his jurisdiction and without authorization of law, and said defendants, separately and in concert, acted willfully, knowingly and purposefully with specific intent to deprive plaintiff of his rights, and/or with reckless and callous disregard for plaintiff's State and Constitutional Rights, including but not limited to, freedom from excessive and unreasonable force, physical abuse, coercion,

and intimidation.

36. All of these rights are secured to plaintiff by the provisions of the Fourth Amendment, the Due Process Clause of the Fifth Amendment and the Fourteenth Amendments to the United States Constitution, and pursuant to 42 U.S.C. §§1983, 1985 and 18 U.S.C. §245.

37. As a direct and proximate result of the malicious and outrageous conduct of defendants, as set forth above, plaintiff suffered severe and permanent injuries and damages, including a fracture of his jaw, and other personal injuries and substantial pain to his mind and body.

38. Plaintiff has suffered special damages in the form of medical expenses, and will suffer additional special damages in the future in an amount that cannot yet be determined.

39. The acts of defendants as set forth above were intentional, wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive damages.

## COUNT TWO

40. Plaintiff, ANDRE ESPY, repeats, reiterates, and re-alleges each and every allegation contained in paragraphs numbered "1" through and including "39" hereinabove with the same force and effect as if set forth more fully at length herein.

41. At all times relevant to this complaint, defendants, as Police Officers of the City of New York, were acting under the direction and control of defendants City of New York and NYPD, and were acting pursuant to the official policy, practice, or custom of the City of New York.

42. Acting under color of law and pursuant to official policy, practice, or custom,

defendants intentionally, knowingly, and recklessly failed to instruct, supervise, control, and discipline, on a continuing basis, defendant Police Officers in their duties to refrain from unlawfully and maliciously assaulting and beating citizens and otherwise using unreasonable and excessive force before, during, or after the making of an arrest.

43. Acting under color of law and pursuant to official policy, practice, or custom, defendants intentionally, knowingly, and recklessly failed to instruct, train, and supervise defendant Police Officers on a continuing basis in the correct procedure for making an arrest, for securing a prisoner who has been subdued and handcuffed, and for the proper use of a baton, flashlight, or police equipment.

44. Defendants had knowledge, or had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed.

45. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, or recklessly failed or refused to do so.

46. Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of defendant Police Officers, as heretofore described.

47. As a direct and proximate result of the acts of defendants, as set forth herein, plaintiff suffered physical injury, medical expenses, and severe mental anguish in connection with the deprivation of his constitutional rights guarantee by the Fourth and Fourteenth Amendments of the Constitution of the United States, and protected by 42

U.S.C. §1983.

48. The acts of defendant Police Officers, as set forth above were wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive damages.

## COUNT THREE

49. Plaintiff, ANDRE ESPY, repeats, reiterates, and re-alleges each and every allegation contained in paragraphs numbered "1" through and including "48" hereinabove with the same force and effect as if set forth more fully at length herein.

50. Defendant Police Officers, individually and while in the course and scope of their employment with defendant NYPD, and acting under authority of defendant City of New York, without plaintiff's consent, willfully, wantonly, maliciously, and intentionally committed assault and battery upon plaintiff.

51. That the acts and conduct constituting the assault and battery consisted in part of the following: violently threatening plaintiff with physical harm; intentionally attempting to cause injury to plaintiff; perpetrating a vicious assault and battery against plaintiff while he was handcuffed to a hospital bed; using unreasonable, unnecessary and excessive force against plaintiff; exercising unreasonable, unnecessary and excessive force during the course of, during, and/or after an arrest; carelessly employing the use of force while plaintiff was restrained, and in the care, custody and control of defendants; committing a harmful, offensive and nonconsensual attack upon plaintiff's person; acting outside the scope and authority of prescribed powers and duties; and otherwise using great and threatening force and violence against plaintiff.

52. That as a direct, sole and proximate result of the assault and battery, plaintiff was caused to and did sustain serious, disabling and permanent personal

injuries, pain and suffering, humiliation and embarrassment, emotional and mental distress, inconvenience, and medical expenses.

## COUNT FOUR

53. Plaintiff, ANDRE ESPY, repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through and including "52" hereinabove with the same force and effect as if set forth more fully at length herein.

54. That on or about June 22, 2011, defendant City of New York, its agents, servants and/or employees, including defendant NYPD, and defendants P.O. PASCUAL, P.O. LOPEZ, P.O. EGAN, and P.O. DIGANGI, individually and in their official capacities, were careless, reckless and negligent in conducting and performing police duties, including, in part, the negligent use of force in detaining, arresting, and/or confining plaintiff; violating established rules, procedures and policies; and negligently employing, supervising and training members of the New York Police Department.

55. Plaintiff was caused to and did sustain serious, disabling and permanent personal injuries, pain and suffering, humiliation and embarrassment, emotional and mental distress, inconvenience, and medical expenses, as a direct, sole and proximate result of the carelessness, recklessness and negligence of defendant City of New York, its agents, servants and/or employees, and defendants P.O. PASCUAL, P.O. LOPEZ, P.O. EGAN, and P.O. DIGANGI, individually and in their official capacities.

56. That plaintiff's injuries and damages were caused solely because of the defendants' culpable conduct, as stated herein, without any fault or negligence on the part of plaintiff contributing thereto.

## COUNT FIVE (Gross Negligence)

57. Plaintiff, ANDRE ESPY, repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through and including "56" hereinabove with the same force and effect as if set forth more fully at length herein.

58. At all times relevant to this action, it was the policy or failure of defendant NYPD to ascertain, or to take into account, the temperament and character of its police officers, prior to, at, and subsequent to the time when it employed them. As a consequence of this policy, defendant NYPD failed to take reasonable and necessary measures to prevent defendant Police Officers with unfit temperament or character from serving on its Police Department.

59. Defendant NYPD was grossly negligent in failing to make appropriate inquiries with respect to the temperament and character of defendant Police Officers prior to, at, or subsequent to the time it employed them as police officers.

60. If defendant NYPD had properly inquired into the character of defendant Police Officers, defendant NYPD would have learned that defendant Police Officers had mean, violent and unstable temperaments and were unsuitable to hold positions as police officers.

61. It was also a policy of defendant NYPD to improperly and inadequately train and instruct the police officers employed by them, including defendant Police Officers, in the appropriate manner of, among other things, securing suspects in their custody and control.

62. Despite the knowledge of the deficiencies in its policies, defendant NYPD

failed to take corrective measures to train its police officers, including effectuating an arrest, and properly securing and safeguarding suspects under defendants' custody and control.

63. The negligent policies of defendant NYPD was a proximate cause of the injuries to plaintiff, in that, but for defendant's policies, the acts alleged would not have occurred.

64. Defendant NYPD violated plaintiff's civil rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. §1983 by subjecting plaintiff to excessive and unreasonable force.

## COUNT SIX

65. Plaintiff, ANDRE ESPY, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through and including "64" hereinabove with the same force and effect as if set forth more fully at length herein.

66. Upon information and belief, the above-captioned defendants have acted to deny plaintiff the rights, privileges and immunities, and the equal protection of the laws to which he was entitled under the Constitutions and laws of the United States and the State of New York in violation of 42 U.S.C. §1985(3).

67. As a direct result of these acts, the defendants herein injured plaintiff and deprived him of having and of exercising his rights and privileges as guaranteed under the Constitutions and laws of the State of New York and the United States.

68. By reason of the defendants' unconscionable acts, negligence and willful misconduct, plaintiff, ANDRE ESPY is entitled to recover compensatory and punitive damages.

69. The misconduct by defendant Police Officers was done in such a gross, reckless, wanton, and willful matter as to be deserving of the imposition of punitive damages.

## COUNT SEVEN

70. Plaintiff, ANDRE ESPY repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through and including "69" hereinabove with the same force and effect as if set forth more fully at length herein.

71. The defendants recklessly and with callous disregard for the rights of individuals, such as plaintiff ANDRE ESPY, trained, encouraged and allowed the defendants to disregard the rights of individuals and implemented a policy with regard to individuals such as plaintiff, to deprive those individuals of their rights while in the custody and control of the defendants.

72. As a direct result of the defendants' callous and reckless disregard of the rights of individuals, including the rights of the plaintiff herein, with respect to the training of all defendants, the plaintiff was denied the rights secured to him by the Fourth Amendment, the Due Process Clause of the Fifth Amendment and the Fourteenth Amendment to the United States Constitution, and pursuant to 42 U.S.C. § 1983, 1985 and 18 U.S.C. § 245.

73. As a direct result of the defendants' reckless and callous disregard of the plaintiff's Federal and State constitutional rights, plaintiff suffered great physical and mental pain, injury, and distress, and his reputation and character were injured, all to the plaintiff's damage.

74. By reason of the defendants' unconscionable acts, negligence and willful

misconduct, plaintiff is entitled to recover compensatory and punitive damages.

75. As a matter of policy and law, the court has the authority to consider and make an award to plaintiff for punitive damages, as a result of defendants' misconduct.

**WHEREFORE**, plaintiff demands judgment against the defendants in the amount of ONE MILLION ($1,000,000,00) DOLLARS for Count One; in the amount of ONE MILLION ($1,000,000,00) DOLLARS for Count Two; in the amount of ONE MILLION ($1,000,000,00) DOLLARS for Count Three; in the amount of ONE MILLION ($1,000,000,00) DOLLARS for Count Four; in the amount of ONE MILLION ($1,000,000,00) DOLLARS for Count Five; in the amount of ONE MILLION ($1,000,000,00) DOLLARS for Count Six; and in the amount of ONE MILLION ($1,000,000,00) DOLLARS for Count Seven, together with the costs and disbursements of this action, attorneys fees pursuant to 42 U.S.C. §1988, and such other and further relief as the Court deems just and proper.

Dated: November 39, 2012
New York, New York

Respectfully submitted,

Glenn R. Abolafia
Attorney for Plaintiff
80 Wall Street, Suite 815
New York, NY 10005
(212) 227-4716

12 CIV. 3126 (ENV) (VVP)

UNITED STATES DISTRICT COURT
EASTER DISTRICT NEW YORK

ANDRE ESPY,

                                            Plaintiff(s)

-against-

CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
POLICE OFFICER STEVEN LOPEZ,
POLICE OFFICER GLEN PASCUAL,
POLICE OFFICERS ANTHONY EGAN, and
POLICE OFFICER RICHARD DIGANGI,

                                            Defendant(s).

## AMENDED COMPLAINT

*GLENN R. ABOLAFIA*
*Attorney at Law, P.C.*

*Attorney for Plaintiff*

**OFFICE AND POST OFFICE ADDRESS, AND TELEPHONE NO.**
*80 Wall Street, Suite 815*
*New York, New York 10005*
*(212) 227-4716*

To:    David M. Pollack
        Assistant Corporation Counsel
        New York City Department of Law
        100 Church Street
        New York, NY 10007

Dated:   November 29, 2012